IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-03848-GPG

RAFAEL FEDERICO MARIN,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GOERGE VALDEZ, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity, and
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity,

Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Motion to Enforce Judgment (D. 15). The Court DENIES the motion for the following reasons.

On August 21, 2026, the Court ordered Respondents to provide Petitioner with a bond hearing under § 1226(a) "at which Respondents bear the burden of proof of showing his continued detention is proper and was proper at the time of his arrest" (D. 9). On August 27, 2026, Petitioner received a bond hearing in front of an immigration judge (IJ) (D. 15-3). The IJ denied bond on the basis that "DHS established Respondent's detention is proper because he is a danger and also

a flight risk" (D. 15-4 at 4). The IJ found that Petitioner's criminal history makes him a danger to the community, and that he poses a flight risk because his likelihood of success challenging his removal is low (*id.* at 3–4). Petitioner argues that the IJ incorrectly placed the burden of proof on the Petitioner and failed to meaningfully consider material evidence (D. 15 at 2). Respondents filed a response to Petitioner's motion to enforce on October 6, 2026 (D. 19)

Upon review of the IJ's written decision (D. 15-4), the Court does not find there is sufficient evidence that the IJ incorrectly placed the burden of proof on Petitioner. The IJ identified the burden of proof as on the government and, contrary to Petitioner's claim, discussed the reasons and specific evidence supporting the findings that he is a danger to community and poses a flight risk. The IJ also stated during the hearing that she "intend[ed] to carefully review the District Court order in light of the arguments made by both parties, the proffers that were provided, as well as documentary evidence submitted" (D. 15-3 at 5), indicating that the IJ considered all evidence presented in light of the applicable burdens. Based on this indication that the IJ considered all evidence presented and found that the government had met its burden of showing that Petitioner is a danger to community and flight risk, the Court cannot say that the IJ improperly applied the burden to Petitioner rather than the government.

Petitioner's remaining arguments, rather than speaking to the burden of proof the IJ applied, boil down to a disagreement with the IJ that DHS's evidence of Petitioner's pending DUI and careless driving charges were sufficient to prove, by clear and convincing evidence, that Petitioner is a danger to community and that DHS's evidence of Petitioner's pending I-589 application was sufficient to prove, by a preponderance of the evidence, that Petitioner poses a flight risk. While the Court is empowered to prescribe the applicable burden of proof an IJ must

apply at a bond hearing in the name of due process, *see Barreno v. Baltasar,* No. 025-CV-03017-GPG-TPO, 2025 WL 3190936, at *2–3 (D. Colo. Nov. 14, 2025), and to ensure that its Orders are followed, it does not have the authority to proceed to apply that burden to the evidence or second-guess the IJ's application of the burden. The INA explicitly precludes judicial review of discretionary IJ decisions concerning revocation or denial of bond under 8 U.S.C § 1226(a): "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review." 8 U.S.C. § 1226(e). Here, the Court ordered that Respondents provide Petitioner with a bond hearing at which they bore the burden of proof, and Respondents appear to have done so. The Court is not at liberty to revisit the IJ's particular finding as to whether that burden was satisfied.

Accordingly, Petitioner's motion to enforce is DENIED.

DATED October 9, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge